IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>AMOS CHRISTOLIN | Criminal Action No.<br><br>1:18-CR-392-AT |

## Sentencing Memorandum

The United States of America, by Ryan K. Buchanan, United States Attorney, and Nicholas N. Joy, Assistant United States Attorney for the Northern District of Georgia, files this Sentencing Memorandum.

## I.    Background

### A.    Offense Level

The probation office prepared a PSR determining that Mr. Christolin's base offense level is 34 under USSG § 2D1.1.  (PSR ¶ 39).  Mr. Christolin objects to this determination.

Because Mr. Christolin was convicted at trial and there is no plea agreement, there are no downward adjustments. The probation office has accurately calculated Mr. Christolin's Total Offense Level as 34. (PSR ¶ 47).

### B.    Criminal History Calculation

The probation office calculated Mr. Christolin's criminal history to reflect one point, equating to a criminal history category of I.  (PSR ¶ 52).

### C.    Advisory Guidelines Range

The probation office correctly calculated the advisory Guidelines range as 151-188 months of imprisonment.  (PSR, Part D). The mandatory minimum sentence in this case is 10 years (120 months). (PSR, Part D).

## II.    Drug Quantity

Contrary to the determination of the probation office, Mr. Christolin argues that he should not be held responsible for the 17 kilograms of cocaine that a coded text message sent from co-defendant Jean Yves Durogel to Vital Joseph on September 1, 2017 indicated was to be provided to Mr. Christolin. (PSR ¶ 39). Mr. Christolin argues that, because the shipment of cocaine was intercepted before it reached him and because Mr. Joseph had not contacted him regarding this shipment, that he was unaware of the shipment and should not be held responsible for it. (PSR ¶ 39). This argument is unavailing.

First, despite the fact that Mr. Joseph and Mr. Christolin never communicated about this incoming shipment, it is likely that Mr. Christolin was aware of it. Mr. Christolin was listed as the intended recipient of these 17 kilograms of cocaine. (PSR ¶ 28). Significant quantities of drugs are seldom distributed to unwitting individuals.

Second, it would be appropriate to hold Mr. Christolin accountable for the 17 kilograms in the September 1, 2017 message even if he did not have specific knowledge of it. Under the Sentencing Guidelines, courts are instructed to consider all "relevant conduct," in calculating a defendant's Guideline range. USSG § 1B1.3. For a jointly undertaken criminal activity such as the charged

conspiracy in this case, a defendant is accountable for the conduct of others that was "(i) within the scope of the jointly undertaken criminal activity; (ii) in furtherance of that criminal activity; and (iii) reasonably foreseeable in connection with that criminal activity." USSG § 1B1.3 cmt. n.3(A).

This additional intended drug transaction was "within the scope" of the criminal conspiracy and "in furtherance" of it as well. It involved cocaine sent in the same manner as the previous transactions, was shipped between Mr. Durogel and Mr. Joseph, and would have been delivered by Mr. Joseph to Mr. Christolin had the drugs not been intercepted and Mr. Joseph arrested. It was a transaction within the same conspiracy.

It would have been reasonably foreseeable to Mr. Christolin that there would be another transaction in this conspiracy forthcoming. There had already been three previous transactions. (PSR ¶ 34). This transaction was developing the same way as the previous three. Less time had elapsed between this final shipment and the third shipment as between the second and third shipments. (PSR ¶ 34). No evidence has ever been presented, at trial or otherwise, that at any time Mr. Christolin tried to withdraw from the conspiracy or otherwise end his participation. It was reasonably foreseeable to Mr. Christolin that another cocaine transaction would be coming within the scope of this conspiracy.

## III.    The Defendant's Role

Mr. Christolin has objected to the lack of an adjustment for a minor role in the PSR. "The proponent of the downward adjustment--here the defendant--always bears the burden of proving a mitigating role in the offense by a preponderance

of the evidence." *United States v. De Varon*, 175 F.3d 930 (11th Cir. 1999). The Government agrees with the recommendation of the probation office and disagrees that Mr. Christolin warrants a downward adjustment for his role in the offense. (PSR ¶ 42).

The commentary to § 3B1.2 elaborates on what conduct may qualify for a downward adjustment, stating that this section applies to any defendant who "plays a part in committing the offense that makes him substantially less culpable than the average participant in the criminal activity." U.S.S.G. § 3B1.2, cmt. n.3(A).

"Two principles guide a district court's consideration: (1) the court must compare the defendant's role in the offense with the relevant conduct attributed to him in calculating his base offense level; and (2) the court may compare the defendant's conduct to that of other participants involved in the offense." *United States v. Alvarez-Coria*, 447 F.3d 1340, 1343 (11th Cir. 2006). "When the relevant conduct attributed to a defendant is identical to his actual conduct, he cannot prove that he is entitled to a minor-role adjustment simply by pointing to some broader scheme for which he was not held accountable." *Id.*

In this case, in addition to the quantities for which Mr. Christolin is being held accountable, at least 50 kilograms of cocaine was shipped from Mr. Durogel to Mr. Joseph for distribution. (PSR ¶ 28). Mr. Christolin is only being held responsible for the 52 kilograms of cocaine that he either received or was intended to receive, not the broader scope of the conspiracy. (PSR ¶ 34).

4

Considering his conduct, there is no evidence that Mr. Christolin played a substantially lesser role in this offense than Mr. Joseph. Mr. Joseph and Mr. Christolin each received large quantities of cocaine from co-conspirators for further distribution. Their role was essentially the same – with Mr. Joseph receiving the drugs from Mr. Durogel and Mr. Christolin receiving the drugs from Mr. Joseph. This Court found that Mr. Durogel's conduct – which also involved shipping the drugs internationally and providing instructions to Mr. Joseph on how to distribute the drugs – was insufficiently distinct from Mr. Joseph's to qualify Mr. Durogel for an aggravating role. Mr. Christolin's involvement was more similar to Mr. Joseph's than was Mr. Durogel's. In any conspiracy, it is possible that there are no minor or minimal participants. *De Varon*, 175 F.3d at 944. That is the case here.

Mr. Christolin's conduct does not make him "substantially less culpable" than the average co-defendant. A downward adjustment for a minor role is not justified.

**IV.    Sentencing Recommendation**

Considering all of the sentencing factors under 18 United States Code Section 3553(a), the Government recommends a Guidelines sentence of 151 months. The basis for this recommendation is as follows:

**a.  The nature and circumstances of the offense**

Mr. Christolin conspired to possess with intent to distribute 52 kilograms of cocaine across four transactions over the course of seven months. This is a substantial quantity of drugs – at $30,000 per kilogram, this quantity was worth

5

on the order of $1.56 million. The drugs were originally imported into the United States from Haiti. Two transactions took place directly behind a high school. This is a very serious offense.

### b.  The history and characteristics of the defendant

Mr. Christolin only receives one point for his prior criminal record. However, as the Court is aware from the Rule 404b litigation before and during trial, this understates his criminal history. HSI Fort Lauderdale developed evidence that Mr. Christolin was the intended recipient of 61 kilograms of cocaine imported from the Bahamas in January 2014.

### c.  To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense

A sentence of 151 months would be a just sentence for Mr. Christolin that would reflect the seriousness of his conduct. No mitigating factors warrant a departure below the Guidelines range in this case, and Mr. Christolin should receive a sentence within the Guidelines range so as not to undermine respect for the law and the principles of consistent sentencing across offenders and jurisdictions.

### d.  To afford adequate deterrence to criminal conduct

Dealing cocaine is a lucrative pursuit. It is necessary that individuals convicted of such offenses receive significant punishments in order to deter others from engaging in the same misconduct. A sentence of 151 months would fulfill this deterrence purpose.

### e.  To protect the public from further crimes of the defendant

Mr. Christolin has shown a ready willingness to distribute large quantities of cocaine. A significant sentence is necessary for deterrence. A 151-month sentence would prevent Mr. Christolin from committing further such crimes and would protect the public.

### Conclusion

For the foregoing reasons, this Court should sentence Mr. Christolin to 151 months confinement. This sentence is appropriate for the seriousness of the offense, the defendant's criminal history, to promote respect for the law, to provide just punishment and to protect the public from further crimes.

Respectfully submitted,

RYAN K. BUCHANAN
*United States Attorney*

NICHOLAS N. JOY
*Assistant United States Attorney*
Georgia Bar No. 969557
Nicholas.Joy@usdoj.gov

**Certificate of Service**

I served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

> Jay L. Strongwater
> Strongwater & Associates, LLC
> 3340 Peachtree Road
> Suite 2570
> Atlanta, GA 30326
>
> Emily Strongwater
> Strongwater & Associates, LLC
> 3340 Peachtree Road
> Suite 2570
> Atlanta, GA 30326

November 1, 2023

/s/ NICHOLAS N. JOY
_____

NICHOLAS N. JOY

*Assistant United States Attorney*