IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA    :
       :
v.       :    CRIMINAL INDICTMENT
       :    NO. 1:18-CR-392
AMOS CHRISTOLIN,    :
    Defendant.    :

### SENTENCING MEMORANDUM OF AMOS CHRISTOLIN

Amos Christolin is scheduled to appear before the Court on Thursday, November 2, 2023 for sentencing following his conviction on this one count indictment. For the reasons set forth below and referenced in the presentence report, that for three reasons - attributable weight, role in the offense, §3553(a) - considered alone or in combination a sentence of ten years, the mandatory minimum, is a reasonable sentence that is no harsher than necessary.

**Attributable Weight of the Drugs**

The testimony at trial showed that Yves Durogel would ship cocaine concealed in tubs of butter to Vital Joseph in Douglasville, Georgia. Joseph would receive a text message directing him to deliver the cocaine to three individuals in Miami, Florida. According to Joseph's testimony and cell tower records, he and Christolin met on three occasions: February 25, 2018, March 25, 2017 and July 15, 2017. No transfer was ever observed. There are no recorded conversations or text messages

between Chrisotlin and either Joseph or Durogel.

The fourth shipment on August 31, 2017 from Durogel to Christolin was intercepted in Miami. A controlled delivery was made to Joseph. There was no attempted delivery to Christolin. A text message from Durogel to Joseph was recovered listing Christolin, known as Patizan, as someone to receive from Joseph. Notably, there were no calls or text messages to Christolin explaining that a shipment had been sent to Joseph which would then be delivered to him and the others or that the intended delivery had been aborted.

The Court is to make individualized findings of foreseeability as to each conspirator. The drug quantity appropriate for one conspirator is not necessarily the same for another. Under §1B1.3(A)(1)(B), the relevant conduct is that which is within the scope of the jointly undertaken activity, in furtherance of the activity and reasonably foreseeable in connection with that activity.

In this case, Christolin was not in regular contact with either of the co-conspirators. The contact with Joseph occurred only after Joseph received his shipment and was heading to Miami. The evidence is devoid of any notice to Christolin in advance of Durogel sending drugs to Joseph. There is no reason to base a finding that Christolin knew there would be a shipment in August. The agreement between Durogel and Joseph was separate and apart from any participation or knowledge of Christolin.

The text message Joseph received from Durogel directed him to deliver the cocaine to three individuals.  There is nothing to suggest that Christolin had any idea how much Joseph initially received or how much of the shipment would go to the other two individuals on the text message.  In fact, there is no suggestion Christolin knew the others or their location.

The presentence report attributes all four shipments of various amounts totaling 52 kilograms of cocaine to Christolin. The associated offense level is Level 34 (more than 50 kilograms less than 150 kilograms). An objection is raised to this recommendation.  Sustaining the objection as to the August shipment consisting of 17 kilograms would reduce the offense level to 32 and a corresponding reduction of the advisory sentencing range to 121 - 151 months.  Alternatively, deducting the amount of cocaine delivered to others unknown to Christolin would likewise reduce the attributed amount below the 50 kilogram threshold.

**Role in the Offense**

Christolin refers the Court to the non-exclusive list of factors in §3B1.2(b) to be considered in assessing a role reduction.  Christolin meets these criteria.

Christolin had limited knowledge of the scope and structure of the activity. And, he did not plan or organize the conspiracy. He did not know that the cocaine was concealed in tubs of butter.  He did not know how much Joseph received or who received other portions of shipments. His participation was limited to accepting the

cocaine from Joseph and delivering it to unknown recipients. It is unknown whether he knew the amounts given to him by Joseph. There was no testimony or seizure of assets to suggest that Christolin was enriched by his role as the go-between.

Assigning Christolin a minor role in his interaction with Durogel and Joseph would result in a two level reduction of the offense level. This determination alone lowers the advisory sentencing range to 121 - 151 months.

**Personal Background**

Amos Christolin is 52 years old. He immigrated to the United States in 1992 and is now a lawful permanent resident. He and his wife of 25 years have five children. The youngest two live in their two bedroom house in the Haitian area of Miami.

Christolin has always been employed and provided for his family. His jobs have primarily been as a taxi cab and Uber driver. He also has worked as a warehouseman.

Christolin has one criminal history point for a DUI for which he was cited in 2010. In 2011, he was sentenced to probation with special conditions of community service, a safe driving course and a fine. He has been citation free since that time.

At trial, members of his community testified about the support he gives to all through his church and friends. He has been described as the "go-to guy" for those seeking advice.

When Christolin completes the ten year custodial portion of his sentence he most likely will be deported.  He will be separated from his family and the place he has called home for over thirty years. This sentence and the subsequent deportation serves as a deterrent to both him personally and to the community.  The co-defendant, Yves Durogel, gave a false exculpatory statement during his trial preparation and was not called as a government witness. Nevertheless, as the principal actor in this distribution ring, he received a sentence of 80 months. A 120 month sentence is substantially more severe for a participant with less of a role.

**Conclusion**

When the inevitable deportation and banishment from the United States is considered in conjunction with the prison sentence, a term of ten years is more than sufficient to address the objectives of 18 U.S.C. §3553(a).

Respectfully submitted,

/s/ *Jay L. Strongwater*
Jay L. Strongwater
Georgia Bar No. 688750

/s/ *Emily B. Strongwater*
Emily B. Strongwater
Georgia Bar No. 572648

Strongwater & Associates, LLC
3340 Peachtree Road
Suite 2570
Atlanta, Georgia 30326
404.872.1700
Counsel for Amos Christolin

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have on this day served a true and correct copy of the

within and foregoing pleadings upon counsel for the government by electronically

posting through the District Court's ECF Filing System, addressed as follows:

Nicholas Joy, Esq.
Assistant United States Attorney
nicolas.joy@usdoj.gov

This  1st  day of November, 2023.

 /s/ *Jay L. Strongwater*
Jay L. Strongwater
Georgia Bar No. 688750

Strongwater & Associates, LLC
3340 Peachtree Road
Suite 2570
Atlanta, Georgia 30326
404.872.1700
Counsel for Amos Christolin